IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-498-BO

JOEL MARK WHITLEY, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*, )
 )
        Defendant. )

This cause comes before the Court on motions for judgement on the pleadings [DE 18, 21]. A hearing on this matter was held before the undersigned on February 17, 2022 in Raleigh, North Carolina.[1] For the reasons that follow, plaintiff's motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 24, 2018. He alleged disability beginning on August 31, 2016. After initial denials, plaintiff had a hearing before an Administrative Law Judge ("ALJ") on December 4, 2019. The ALJ issued an unfavorable determination and that became the final decision of the Commissioner of Social Security on September 4, 2020, when the Appeals Council denied review. Plaintiff is currently 50 years old.

## DISCUSSION

---

[1] Defendant's counsel appeared by video.

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged date of onset. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, major joint dysfunction, fracture of lower limb, learning disability, anxiety disorder, and somatic symptoms disorder. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a Listing. The ALJ decided that plaintiff had the RFC to perform a reduced range of light work. At step four, the ALJ found that plaintiff could not perform his past relevant work. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform. These jobs included scrap sorter, rag sorter, and agricultural produce sorter. Thus, the ALJ found that plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because it failed to take into consideration plaintiff's reported pain and hand limitations. The Court finds, however, that the ALJ's determination was supported by substantial evidence. The ALJ-imposed limitations on plaintiff's light range of work adequately accommodate plaintiff's reduced use of his fingers and irregular gait. Despite plaintiff's statements about spine,

3

neck, and shoulder pain, the medical evidence supports the ALJ's finding that plaintiff has good range of motion and strength. The medical evidence also supports the ALJ's determination that plaintiff recovered well from a cervical discectomy and fusion to address his neck pain, numbness, and tingling. The ALJ acknowledged plaintiff's left arm pain and weakness, but adequately balanced this against the medical record, which showed that plaintiff had demonstrated intact sensation and good strength. Accordingly, the ALJ's determination was supported by substantial evidence. Thus, the Commissioner's decision is affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 21] is GRANTED.

SO ORDERED, this _27_ day of February, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE